William G. Easton, J.
The defendant acting without an attorney, has brought on what he termed a “ Motion of Mandamus ” to rectify an alleged error in the matter of accrediting for time spent in jail in the State of Pennsylvania against a current sentence of one year in the Monroe County Penitentiary. This matter has been treated as a regular motion and was resisted by the People. The undisputed facts are as follows: Defendant was arrested on July 21, 1967 as result of an indictment for burglary third and petit larceny. He was convicted of unlawful entry and petit larceny. On August 3, 1967 he was .sentenced to six months in Monroe County Penitentiary for another conviction of third degree assault and sentenced to 13 days in jail. On August 23, 1967 he escaped from Monroe County Penitentiary and was apprehended in Bethlehem, Pennsylvania, on September 8, 1967, there being charged as a fugitive from justice. He was there committed to prison in Easton, Pennsylvania, and on November 7, 1967 was adjudged in Pennsylvania a fugitive from justice on the burglary charge for which he had been indicted as above mentioned. He filed an appeal from the Pennsylvania conviction as a fugitive from justice but withdrew the same on or about February 5, 1968. On February 7, 1968 he was returned to the Monroe County Jail to await disposition on the original burglary and petit larceny charge. On April 8, 1968 he was sentenced to one year plus one year on each of the two charges to run consecutively and was committed to the Monroe County Jail where he started serving the one year plus one year sentence against which he *529 was given 87 days credit. Defendant now claims he should he given further credit against the burglary and petit larceny sentence for the five months that he was previously incarcerated in Pennsylvania for being a fugitive from justice. On April 18, 1968 the alleged escape charge was dismissed because of delay in arraignment.
Defendant has cited no law in support of his position which this court holds to be untenable since the time which the defendant spent in jail in Pennsylvania was for a different charge, to wit, a fugitive from justice before there was any disposition of the burglary and petit larceny charge in New York. Had defendant been awaiting the disposition of the burglary and petit larceny charge only in the Monroe County Penitentiary he would have been given credit. However, he cannot be given credit for time spent in custody in a foreign State as a fugitive from justice against a subsequent sentence on another crime in New York State. (People ex rel. Leibowitz v. La Vallee, 17 A D 2d 887; People ex rel. Wiley v. Wilkins, 25 A D 2d 942.) The defendant’s motion is denied.